878 F.2d 1431
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eddie UPCHURCH, Plaintiff-Appellee,
v.
Aaron WHEELER, Virginia Conference of the National
Association for the Advancement of Colored People,
Defendants-Appellants.
 No. 88-2661.
 United States Court of Appeals, Fourth Circuit.
 Argued May 12, 1989.
Decided July 6, 1989.
 
 Samuel Wilbert Tucker (Hill, Tucker & Marsh; Sa'ad El Amin on brief) for appellants.
 Kenneth W. Stolle (Bennett & Stolle, P.C. on brief) for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and JAMES C. TURK, Chief Judge, United States District Court for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Aaron Wheeler and the Virginia Conference of the National Association for the Advancement of Colored People ("the NAACP") appeal from the district court's order remanding Upchurch's defamation suit against them back to Virginia state court. We agree with the district court that Wheeler and the NAACP cannot remove this case to federal court under 28 U.S.C. Sec. 1443 and we affirm.
 
 
 2
 In June 1987, Upchurch, a white police officer employed by the City of Virginia Beach, shot and killed Fred T. Gilchrist, a twenty-two-year-old black man who was not armed. During press conferences, Wheeler, then the Chairman of the Legal Redress Committee of the Virginia Beach Branch of the NAACP, characterized the incident as "murder," and area newspapers printed his remarks. The following December, Upchurch brought an action against Wheeler and the NAACP, claiming that Wheeler's remarks were false and defamatory and that Wheeler had actual knowledge of their falsity or acted with reckless disregard for the truth; Upchurch also alleged that the NAACP approved and accepted Wheeler's statements as its own remarks. The Virginia state court denied the motions of Wheeler and the NAACP for summary judgment as untimely. They then filed a petition for removal to the district court. The district court held that they could not remove the case and remanded it back to state court.
 
 
 3
 In their appeal to this court, Wheeler and the NAACP contend that they have an immediate right to remove this case to federal court under 28 U.S.C. Sec. 1443. In their petition for removal and on appeal, they argue that
 
 
 4
 solely by reason of race and color, and in violation of Title 42, United States Code, Section 1981, petitioners are denied and cannot enforce in the courts of the State of Virginia the right, under Article 1, Section 12 of the Constitution of Virginia ..., to teach, preach, write, or speak any pure expression of opinion, however ill-founded, without inhibition by actions for libel and slander and the concomitant right to have the court, in advance of trial, determine as a matter of law whether the allegedly libelous statements are assertions of fact or expressions of opinion.
 
 
 5
 The core of their argument, as expressed in their brief and during oral argument, is that a black person cannot receive a fair interpretation of the libel laws in the courts of Virginia in adversarial confrontations against a white person. They cite particularly the actions of the Virginia courts, including the Supreme Court of Virginia in Fleming v. Moore, 221 Va. 884, 275 S.E.2d 632 (1981) and in Gazette, Inc. v. Harris, 229 Va. 1, 325 S.E.2d 713, cert. denied, 472 U.S. 1032 (1985).
 
 
 6
 As the district court pointed out in its order, the United States Supreme Court has devised a two-prong test to use in applying 28 U.S.C. Sec. 1443:
 
 
 7
 First it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality....
 
 
 8
 Second, it must appear ... that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. This provision normally requires that the denial be manifest in a formal expression of state law....
 
 
 9
 Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quotation marks, brackets, and citations omitted). The district court, in denying the petition for removal, ruled in a detailed and well-considered order that the defendant failed to meet the second prong of this test. The court stated in its order that Wheeler and the NAACP did not present "concrete evidence ... to prove ... that Virginia case law discriminates against black defendants in defamation cases or that [they] cannot enforce their civil rights in state courts." We affirm based on the district court's reasoning.
 
 
 10
 AFFIRMED.